**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 3 0 2020

JAMES W. McCORMACK, CLERK
By:_____
**PLAINTIFF**            DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KRISTINA HUFFMAN**

vs.                        No. 4:20-cv-_1296-BRW_

**ASSOCIATED MANAGEMENT, LTD.,**            **DEFENDANTS**
**and JAMES T. KINCANNON**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Kristina Huffman ("Plaintiff"), by and through her attorneys Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Associated Management, Ltd., and James T. Kincannon (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge ___Wilson___
and to Magistrate Judge___Volpe___

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    Plaintiff was employed by Defendant within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff is an individual and resident of Pulaski County.

7.    Separate Defendant Associated Management, Ltd. ("Associated Management"), is a domestic limited partnership.

8.    Associated Management's registered agent for service is James T. Kincannon at 3501 Bay Oaks Drive, North Little Rock, Arkansas 72118.

9.    Separate Defendant James T. Kincannon ("Kincannon") is an individual and a resident of Arkansas.

## IV.    FACTUAL ALLEGATIONS

10.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.    Kincannon is a principal, director, officer, and/or owner of Associated Management.

12.     Kincannon took an active role in operating Associated Management and in the management thereof.

13.     Kincannon, in his role as an operating employer of Associated Management, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14.     Kincannon, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

15.     Kincannon acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16.     Associated Management acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

18.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

19.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

20.     Defendant owns and operates apartment complexes throughout Arkansas.

21.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

22.     Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

23.     Specifically, Defendant employed Plaintiff as a Maintenance Worker from November of 2018 until August of 2020 at its location in Maumelle.

24.     Defendant classified Plaintiff as non-exempt from the FLSA and paid her an hourly rate.

25.     Plaintiff's duties included performing electrical and plumbing repairs, preparing apartments for new tenants and picking up trash from the apartment grounds.

26.     At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

27.     Plaintiff regularly worked over forty hours per week.

28.     Plaintiff regularly worked hours for which she was not paid.

29.     Defendant's records of Plaintiff's time are inaccurate.

30.     Defendant knew or should have known that its records of Plaintiff's time are inaccurate because Defendant directed Plaintiff to record fewer hours than she actually worked.

31.     Plaintiff kept contemporaneous records of her hours worked which provide an accurate record of the number of hours she actually worked from July of 2019 to August of 2020.

32.     During the time Plaintiff kept records of her actual hours worked, she worked a total of 303.19 hours which went uncompensated and unrecorded by Defendant.

33.     Before July of 2019, Plaintiff estimates she worked approximately six hours per week which went unrecorded and uncompensated.

34.     During some weeks, Plaintiff worked so many hours off the clock that her hourly rate fell below the Arkansas minimum wage.

35.     Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a lawful minimum wage for each hour that she worked or a lawful overtime premium for all hours worked over forty each week.

36.     Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which she was not compensated.

37.     In addition to her hourly wage, Plaintiff received a rent credit of approximately $550.00 per month.

38.     Rent credits were a form of compensation to Plaintiff.

39.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

40.     Defendant failed to include Plaintiff's rent credit when calculating her overtime rate of pay.

41.     All forms of compensation, such as the rent credit, should have been included in the regular rate when calculating Plaintiff's overtime pay.

42.     At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty per week.

43.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     FIRST CLAIM FOR RELIEF—FLSA Violation

44.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

49.     Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and 1.5x her regular rate for all hours worked in excess of 40 hours per week, as required by the FLSA.

50.     Defendant knew or should have known that its actions violated the FLSA.

51.     Defendant's conduct and practices, as described above, were willful.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—AMWA Violation

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

57.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59.     Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

60.     Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and a lawful overtime rate of 1.5x times his regular rate for all hours worked in excess of 40 hours per week, as required by the AMWA.

61.     Defendant knew or should have known that its practices violated the AMWA.

62.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

63.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kristina Huffman respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid minimum wages and overtime wages under the FLSA, the AMWA and their related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF KRISTINA HUFFMAN**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com